UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Jackie Devlan,

                           Plaintiff,

       -against-

Sunrise Credit Service, Inc.,

                           Defendant.
-------------------------------------------------------X

Civil Action No.:_____

**VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Now comes Plaintiff, Jackie Devlan (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant, Sunrise Credit Service, Inc (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

## PRELIMINARY STATEMENT

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

## PARTIES

1. Plaintiff is a resident of the State of Virginia, County of Louisa, residing at 291 Raven Ridge Lane, Mineral, Virginia 23117.

2. At all relevant times herein, Plaintiff maintained her residence at this address.

3. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant is a corporation incorporated under the laws of the State of New York and authorized to conduct business in the State of New York.

5. Upon further information and belief, Defendant is engaged in the business of debt collection of debts incurred, and alleged to be incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 260 Airport Plaza, Farmingdale, NY 11735.

6. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA, and thus Defendant is subject to the requirements of the FDCPA.

7. Upon information and belief, was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA.

8. Defendant had communications with Plaintiff, as that term is defined under 15 U.S.C. §1692a(2), by telephone and through the mail.

9. Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et. seq*. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

13. Upon information and belief, the nature of the underlying debt allegedly owed by Plaintiff is the type of debt the FDCPA was designed to regulate.

14. On or around November 15, 2013, Defendant commenced collection activities against Plaintiff to recover an alleged referred to hereinafter as the "Alleged Debt").

15. Upon information and belief, Plaintiff has not received a validation notice to date.

16. Defendant's agent, Mark Wilson, called Plaintiff, advised her to call 1-800-357-2274, and then discontinued the call by hanging up.

17. Defendant's agents placed phone calls to Plaintiff without ever disclosing Defendant's identity.

18. Defendant's communications with Plaintiff failed to contain the required mini-Miranda warning.

19. Defendant failed to send Plaintiff a 30-day validation notice within 5 days of its initial communication with Plaintiff.

20. The foregoing action by Defendant violated 15 U.S.C. §1692d(6) in that Defendant placed phone calls without disclosing it's identity.

21. The foregoing action by Defendant violated 15 U.S.C. §1692(g) in that Defendant failed to send Plaintiff a 30-day validation notice within 5 days of its initialcommunication.

22. The foregoing action by Defendant violated 15 U.S.C. §1692e(11) in that Defendant's communication failed to contain the required mini-Miranda.

23. The foregoing action by Defendant violated 15 U.S.C.§1692e(14) in that Defendant did not disclose it's true identity.

24. As a result of the Defendant's deceptive, misleading, and/or unfair debt collection practices, Plaintiff has been damaged.

25. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## FIRST CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692d(6)

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

27. Defendant violated 15 U.S.C.§1692d(6) when Defendant placed phone calls to Plaintiff without disclosing that it was Sunrise Credit Services, LLC.

28. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(11)

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant violated 15 U.S.C.§1692e(11) in that Defendant's communications with Plaintiff did not contain a mini-Miranda.

31. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(14)

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendant violated 15 U.S.C.§1692e(14) in that Defendant did not reveal it's true name.

34. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692g

35.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36.     Defendant conduct violated 15 U.S.C. §1692g in that Defendant failed to send Plaintiff a 30-day validation notice within 5 days of its initial communication on November 15, 2013.

37.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

38.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jackie Devlan demands judgment from the Defendant Sunrise Credit Service, Inc, as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.  For a declaration that the Defendant's practices violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
      December 11, 2013

                Respectfully submitted,

            By:  <u>*s/Fredrick Schulman, Esq.*</u>
                Fredrick Schulman, Esq.
                  Fredrick Schulman & Associates
                  Attorney for Plaintiff
                  30 East 29TH Street
                  New York, New York 10016
                  (212) 796-6053
                  info@fschulmanlaw.com